THE SILICA v. THE LORD WARDEN and another.[1]

THE LORD WARDEN v. THE SILICA and another.

(*Circuit Court, E. D. Pennsylvania.* March 1, 1887.)

COLLISION—DAMAGES—DEMURRAGE.
  In cases of collision, the rate of demurrage provided for in the charter-party of the injured vessel will, in all save exceptional cases, be adhered to in the determination of the damage suffered by the delay of the injured vessel while undergoing repairs.

In Admiralty. *Sur* exceptions to commissioner's report.

The bark Silica sailed from London for Philadelphia, on August 11, 1884, and arrived at the latter port on the seventh of October. There she was chartered for a voyage from Philadelphia to Fiume. She proceeded on her voyage in the tow of the tug Protector, and, owing to the

[1]Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

negligent handling of the tug, and the faulty position of the Lord Warden, collided with the latter. The commissioner appointed to ascertain the damage suffered by the Silica allowed demurrage at the rate of $92 a day, the amount stipulated in the Silica's charter-party, for time lost while undergoing repairs. To this counsel for the Protector excepted, on the ground that the Silica was not entitled to more than the actual damage suffered; that the voyage must be considered as begun when the bark left London; and that the earnings of the bark must be apportioned over all the time that intervened between her departure from London and her arrival at Fiume, in order to ascertain the *per diem* loss.

*Charles Gibbons, Jr.,* for the Silica.

*H. R. Edmunds,* for the Lord Warden.

*Driver & Coulston,* for the Protector.

BUTLER, J. The exceptions must be dismissed. The rule adopted by the commissioner for ascertaining damages from delay is, under the circumstances, the proper one. Under ordinary circumstances, it is always so. In exceptional cases, such as *The Potomac,* 105 U. S. 630, the rule invoked by the exceptor is applicable. Here the other is safer; and it gives the libelant less than he would take under the rule invoked against him; unless, indeed, we adopt the exceptor's method of ascertaining profits; that is, by including the profitless passage from London, in the voyage, though the vessel was not chartered until she came to Philadelphia. This we could not do.